**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GILBERT VALDEZ,

     Plaintiff,

v.                                             No. 1:22-cv-0003-KWR-JHR

CHANEY CHUWANTI and
DIEGO PRIETO,

     Defendants.

<u>**MEMORANDUM OPINION AND ORDER OF DISMISSAL**</u>

     **THIS MATTER** is before the Court *sua sponte* to consider Plaintiff's failure to comply with the Court's order to show cause [Doc. 2]. On June 8, 2022, the Court issued an order to show cause, which made the following observations:

> Plaintiff filed his Complaint on January 3, 2022. [Doc. 1]. The record reflects that Plaintiff has not served the Defendants, or provided proof of service, within 90 days after the Complaint nor has Plaintiff shown good cause for the failure to serve.

[Doc. 2, p. 1]. The Court explained that:

> Federal Rule of Civil Procedure 4(m) provides in part:
> If a defendant is not served within 90 days after the complaint is field, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specific time.

[*Id.*]. The Court therefore "**ORDERED** that, in order to avoid dismissal of this action, Plaintiff must either effect service and provide proof thereof or provide the Court with a written explanation showing good cause why service has not been made, **on or before Wednesday, June 29, 2022**." [*Id.*] (emphasis in original). Plaintiff, however, has neither (1) effected service and provided proof thereof, nor (2) provided the Court with a written explanation showing good cause why service has not been made. In short, Plaintiff has done nothing to prosecute this action since filing it.

The Court has the inherent power to regulate its docket and manage its cases to promote judicial efficiency. *Martinez v. Internal Revenue Service,* 744 F.2d 71, 73 (10th Cir. 1984). Among the management tools within the discretion of the Court is to dismiss an action for want of prosecution. *See, e.g., Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642-43 (1976); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). This Court's local rules authorize dismissal of actions "if, for a period of ninety (90) days, no steps are taken to move the case forward." D.N.M.LR-Civ. 41.1.

The Court ordered Plaintiff to effect service or show cause and notified him that the failure to comply with the Court's order [Doc. 2] may result in dismissal of this case. Plaintiff did not comply by the June 29, 2022, deadline.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**