## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GILBERT VALDEZ,

      Plaintiff,

      vs.                                        1:22-cv-00003 KWR/JHR

CHANEY CHUWANTI, and
DIEGO PIETRO,

      Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

THIS MATTER comes before the Court upon Plaintiff's Motion for New Trial and Motion for Reconsideration **(Doc. 5).**  Plaintiff requests that the Court set aside the judgment under Rule 59 and grant it a second extension of the time to serve the complaint under Fed. R. Civ. P. 4(m). Having reviewed the motion, the record in this case, and the relevant law, the Court finds that the motion is not well-taken and, therefore, is **DENIED.**

Plaintiff filed this case on January 3, 2022.  Pursuant to Rule 4(m), Plaintiff had 90 days, or until approximately April 4, 2022, to serve the Defendants.  However, Plaintiff did not serve the Defendants or file a motion to extend time to effect service.  The record does not reflect what, if any, attempts to serve the Defendants occurred.  Accordingly, on June 8, 2022, the Court issued an order to show cause, directing Plaintiff to serve the defendants, provide proof of service, or show good cause why he failed to serve the defendants, by June 29, 2022.  **Doc. 2.**  In other words, the Court granted Plaintiff an extension of time to effect service.  In that order the Court quoted Rule 4(m), which stated that the action could be dismissed without prejudice if Plaintiff did not show good cause for an extension of time to serve.  **Doc. 2.**  Plaintiff did not file a response to that

order to show cause or serve the Defendants. Accordingly, on July 13, 2022, the Court dismissed this case without prejudice. **Docs. 3, 4.**

On August 10, 2022, Plaintiff filed this motion for new trial or reconsideration under Rule 59. Plaintiff requests the Court set aside the dismissal and grant him a second extension of time to serve the Defendants. Plaintiff asserted that he failed to calendar the deadline for responding to the Court's order, and alternatively, the statute of limitations makes it unlikely this case can be refiled. Plaintiff then argues that the Court should grant a good cause or permissive extension under Fed. R. Civ. P. 4(m).

In his motion Plaintiff cites generally to Rule 59. The Court construes this motion as a request to alter or amend the judgment under Rule 59(e), as the motion was filed within 28 days of the judgment. Plaintiff bears the burden to show that the Court should alter or amend a judgment under Rule 59(e). A district court may reconsider a final decision under Rule 59(e) if the moving party shows "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Rule 59(e) motions may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Id.* A Rule 59(e) motion is not intended to "allow a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier." *ACE USA v. Union Pac. R.R. Co.*, No. 09-2194-KHV, 2011 U.S. Dist. LEXIS 141228, 2011 WL 6097138, at *1 (D. Kan. Dec. 7, 2011) (unpublished). "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Id.*

Here, Plaintiff does not analyze or explain how this Rule 59 standard is satisfied. For example, Plaintiff does not assert that the Court clearly erred, or that dismissal resulted in manifest

injustice. Plaintiff has not argued or shown an intervening change in the controlling law or new evidence previously unavailable.  Therefore, the Court concludes that Plaintiff has not carried his burden to show there was clear error or manifest injustice, or any other basis to alter or amend a judgment under Rule 59(e).[1] On this basis alone the motion should be denied.

Moreover, the Court generally does not consider arguments which could have been made earlier.  Plaintiff could have moved to extend the deadline to serve before the Court issued its order to show cause, or could have responded to the order to show cause.  Because Plaintiff's arguments could have been raised previously, the Court finds that Rule 59(e) relief should be denied on this ground alone.  *See Servants of the Paraclete*, 204 F.3d at 1012; *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (2019).

Alternatively, only to the extent the Court were required to *sua sponte* analyze the Rule 59(e) standard on its own, the Court would, in its discretion, not grant Plaintiff relief. Plaintiff provides two reasons why the Court should give him a third chance to serve Defendants.  Plaintiff asserts he (1) mis-calendared the deadline to respond to the order to show cause and (2) summarily suggests statute of limitations has run.  However, rather than demonstrate how these two arguments establish clear error or manifest injustice, Plaintiff asserts that these arguments justify an extension of time to serve the complaint under Rule 4(m).

The Court concludes that Plaintiff has not shown that dismissal under Rule 4(m) was clearly erroneous or manifestly unjust, and concludes that the dismissal was within the Court's discretion.  "Although the Tenth Circuit has not specifically defined 'manifest injustice' in the Rule 59(e) context, other courts have defined manifest injustice as 'more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of

---

[1] Plaintiff does not argue that the Court should have considered the *Ehrenhaus* factors or that the Court clearly erred by not considering the *Ehrenhaus* factors.

governing law.' " *Thymes v. Verizon Wireless, Inc.*, No. 16-cv-0066 KG/WPL, 2016 U.S. Dist.

LEXIS 140345, 2016 WL 9777487, at *2 (D.N.M. Sept. 28, 2016) (unpublished) (quoting *Smith*

*v. Lynch*, 115 F. Supp. 3d 5, 12 (D.D.C. 2015); *In re Green Goblin, Inc.*, Bankr. No. 09-11239

ELF, 2012 WL 1971143, at *1 (Bankr. E.D. Pa. May 31, 2012) (unpublished) ("In order for a court

to reconsider a decision due to 'manifest injustice,' the record presented must be so patently unfair

and tainted that the error is manifestly clear to all who view it.")).  The Tenth Circuit has defined

"clear error" as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment."

*Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1236 (10th Cir. 2001).

Deciding whether there is "manifest injustice" warranting reconsideration is within the discretion

of the trial court. *See United States v. Garibaldi-Bravo*, 2019 WL 6654152, at *2 (10th Cir.) ("our

cases have stressed that reconsideration is a discretionary decision that 'will not be reversed on

review without a clear showing of abuse of discretion' "). Here, Plaintiff has not argued or shown

how dismissal was clearly erroneous or manifestly unjust.

Plaintiff suggests that under Rule 4(m), the Court should grant a second extension of time

to serve Defendants.  As explained below, dismissal without prejudice under Rule 4(m) was within

the Court's discretion.  Under Rule 4(m) the district court's preliminary inquiry

> is whether the plaintiff has shown good cause for the failure to timely effect
> service.... If good cause is shown, the plaintiff is entitled to a mandatory extension
> of time. If the plaintiff fails to show good cause, the district court must still consider
> whether a permissive extension of time may be warranted. At that point the district
> court may in its discretion either dismiss the case without prejudice or extend the
> time for service.

*Espinoza,* 52 F.3d at 841.

Initially, Plaintiff has not shown good cause for the failure to timely effect service.  Plaintiff

asserts that he mis-calendared the response deadline for the order to show cause.  This is not

sufficient to establish good cause.  Courts read the good cause requirement narrowly in order "to

protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule."

*Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994) (citation omitted). Indeed, "inadvertence or negligence alone do not constitute 'good cause' for failure of timely service. Mistake of counsel or ignorance of the rules usually do not suffice." *In re: Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) (holding that the pro se plaintiffs' miscalculation of the time period for service of process by one day does not constitute good cause); *see also Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991) (holding that plaintiff's counsel "must assume responsibility for the failure of a hired process server to timely effect service"). Moreover, Plaintiff does not attempt to establish good cause for failure to serve, rather he appears to assert he mis-calendared the response deadline to the order to show cause.

Moreover, this is not a persuasive reason to establish permissive extension of time. This was not the first deadline Plaintiff missed in this case. Plaintiff failed to timely serve the defendants or move to extend time for service. Moreover, the Court built in a buffer for Plaintiff. Although the time to serve under Rule 4(m) expired on April 4, 2022, the Court did not issue its order to show cause until June. And the Court set a new deadline for Plaintiff to serve Defendants or show good cause for an extension by June 29, 2022, but did not dismiss this case until July 13, 2022.

Plaintiff asserts that it has been unable to find the addresses for the Defendants. But that does not justify failing to file a motion to extend time or responding to the Court's order to show cause. Plaintiff has not shown that he has found the Defendants over the past eight months or would be likely to be able to serve them with the summons and complaint.

Moreover, the mere possibility of a statute of limitations bar does not establish good cause for failure to timely serve and does not preclude the Court from exercising its discretion to dismiss

a case.  The Tenth Circuit has stated that a district court does not abuse its discretion in denying a

request to extend time to serve because of a potential statute of limitations issue:

> We need not decide whether the provisions of new Rule 4(m) apply to this case. Under
> the new rule, the grant of additional time remains discretionary with the district court.
> That a plaintiff's claims will be time-barred if an action is dismissed for failure to effect
> service within 120 days does not mandate an extension of time under new Rule 4(m). *See*
> Fed.R.Civ.P. 4(m) advisory committee's note ("Relief *may* be justified, for example, if
> the applicable statute of limitations would bar the refiled action....") (Emphasis added.).

*Cloyd v. Arthur Andersen & Co., Inc.,* 25 F.3d 1056 (10th Cir.1994). The Tenth Circuit concluded

that a district court had not abused its discretion in refusing to grant an extension. *Cloyd v. Arthur*

*Andersen & Co., Inc.,* 25 F.3d 1056 (Table); *see Despain v. Salt Lake Area Metro Gang Unit*, 13

F.3d 1436, 1439 (10th Cir. 1994) (under prior version of rule, 4(j), holding that "the fact that the

statute of limitations has run, however, does not demonstrate good cause and does not make

dismissal under Rule 4(j) inappropriate."); *see also Smyers v. Cnty. of Atchison, Kansas*, 336 F.

App'x 819, 821 (10th Cir. 2009) (the Tenth Circuit affirmed a dismissal, even though the statute

of limitations expired on at least one claim).  Therefore, the Court concludes that Plaintiff has not

shown good cause to extend the time to serve the Defendants.

      The Court must next consider whether a permissive extension of time is warranted under

Rule 4(m). *Est. of Goodwin by & through Alvarado v. Connell*, 376 F. Supp. 3d 1133, 1153 (D.

Colo. 2019). In determining whether a permissive extension is appropriate, courts consider several

factors, including but not limited to "the complex requirements of multiple service, the plaintiff's

pro se status, the statute of limitations, the danger of prejudice to the defendant, and the length of

the delay." *Id.* (citing *Espinoza*, 52 F.3d at 842); *see also Elevario v. Hernandez*, No. 10-cv-00015-

RB-WDS, 2010 WL 11618911, at *3 (D.N.M. Dec. 20, 2010) (considering, *inter alia*, whether the

plaintiffs "attempted to comply with Rule 4(m)" and whether the defendant was evading service

of process) (citing *Espinoza*, 52 F.3d at 842).

Here, Plaintiff has not shown why the Court should grant a permissive extension of time to serve the Defendants. Plaintiff has not explained why service here is complex. Plaintiff has not explained the efforts he has taken to serve the Defendants or shown that he has even attempted to comply with Rule 4(m). Plaintiff suggests that he has yet to find the Defendants' addresses, but he has not suggested or shown that Defendants are dodging service. Plaintiff has not shown that service would be accomplished if the Court granted an extension, or that he has obtained Defendants' addresses. There is no evidence that Defendants have notice of the lawsuit. Plaintiff summarily suggests that the statute of limitations would bar refiling of the suit, but does not explain or show that it would. *See* **doc. 5 at 1;** *Navarette v. Corizon LLC*, No. 18-CV-0057 WJ/SMV, 2020 WL 209317, at *3 (D.N.M. Jan. 14, 2020), *citing Mouzon v. Radiancy, Inc.*, 309 F.R.D. 60, 64–65 (D.D.C. 2015) (holding that a suggestion that a lawsuit dismissed without prejudice may potentially be barred by the statute of limitations failed to show "the level of manifest injustice necessary to amend the judgment pursuant to Rule 59(e)").

Moreover, the length of delay is prejudicial to Defendants. Plaintiff filed his complaint on January 3, 2022. The ninety days ran April 4, 2022, and nothing happened in this case until June 8, 2022, when the Court issued its order to show cause and sua sponte gave Plaintiff an extension of time to serve by June 29, 2022. Plaintiff did not respond to the order to show cause. The Court dismissed this case on July 13, 2022. Plaintiff's first action in this case, since filing the complaint, was filing this motion to reconsider in August 2022. The alleged actions in this case occurred on January 4, 2019. **Doc. 1.** The Court is concerned that the combined delay in filing and prosecuting this case may have jeopardized evidence or witnesses. There is no evidence in the record that

Defendants are aware of the claims in this case or have notice.  Therefore, the Court concludes that it would not grant a permissive extension of time to serve under Rule 4(m).[2]

For the reasons stated above, the Court concludes that relief under Rule 59 is not appropriate.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion for New Trial and Motion for Reconsideration **(Doc. 5)** is **DENIED.**

_____

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

---

[2] Only to the extent the Court were required to analyze the *Ehrenhaus* factors, the Court finds that these facts also weigh in favor of dismissal. Under *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir.1992), the Court should consider (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions. These factors weigh in favor of dismissal, for the same reasons as stated above.  Plaintiff is culpable for the delay and failure to serve the Defendants or respond to the court's order to show cause.  The Court warned Plaintiff that dismissal was a possibility by quoting the language of Rule 4(m). *See* Doc. 2.  Defendants have likely been prejudiced by the delay, as explained previously.  Finally, Plaintiff has not shown that lesser sanctions would be effective, as he has not stated what steps he has taken to find Defendants or serve them, or shown that he would be able to do so if the Court granted him another extension.